IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JOHN HENRY WILLIAMS, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION NO.1:05-cv-151 (WLS) |
| ROD WILLIAMS; SEAN EDGAR; DAVID GARLAND; KEVIN LEE, | : | |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff **JOHN HENRY WILLIAMS**, an inmate at Calhoun State Prison in Morgan, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

## *I.  STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A,  a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that on January 7, 2002 Officers Williams, Edgar, Garland, and Lee entered his girlfriend's apartment. Petitioner states that he told the officers his name and asked if he was under arrest. According to petitioner, the officers stated that he was not under arrest. Petitioner states that he specifically asked if there was a warrant for his arrest and the officers told him there were no outstanding warrants for his arrest. Petitioner then told the officers that he had an appointment and he sought to leave the premises. Petitioner states that as he walked to the door, the officers attacked him, placed handcuffs on him, pushed him to the ground, and placed shackles on his feet.

Petitioner makes a claim against the officers for illegal arrest and infliction of "cruel and unusual punishment" during the arrest. In a separate Order entered on this date, the Court has allowed plaintiff's claim of unlawful arrest to go forward. However, plaintiff's claims for cruel and unusual punishment during arrest, or excessive force during arrest, must be dismissed as untimely.

The Court must look to state law to determine the appropriate statute of limitations. ***Wilson v. Garcia***, 471 U.S. 261 (1985). In Georgia, the statute of limitations for § 1983 claims is two years. ***Lovett v. Ray***, 327 F.3d 1181, 1182 (11th Cir. 2003). Generally, the two year statute of limitations does not start to run until the facts that would support a cause of action are apparent or should be

apparent to a person who is reasonably prudent with regard to his rights. *Id.* Plaintiff alleges that he was attacked on January 7, 2002. The facts that would support his cause of action would have been apparent at that time. However, plaintiff did not file his suit until more than four years later. Therefore, his claim of excessive force is time-barred. *See Lawson v. Glover,* 957 F.2d 801 (11th Cir. 1987*)*; *Curtis v. Gordon Police Dep't*, 2005 U.S. Dist. LEXIS 34923 (M.D. Ga Dec. 1, 2005).

For this reason, the Undersigned **RECOMMENDS** that plaintiff's claim of cruel and unusual punishment during arrest, or excessive force during arrest, be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 21st day of March, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb