IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JOHN HENRY WILLIAMS, :
:
   Plaintiff, :
:
vs. : Civil Action File No.
: **1:05-CV-151 (WLS)**
ROD WILLIAMS, et. al, :
:
   Defendants. :
:
_____

## RECOMMENDATION

    Presently pending in the *pro se* prisoner §1983 action are motions to dismiss filed by three defendants. (Docs. 12, 17, and 20). Pursuant to a motion for continuance by plaintiff, the undersigned gave plaintiff 45 additional days from the date of November 8, 2006, in which to file a response to the motions to dismiss. Plaintiff was previously advised of the importance of filing a response to the motions to dismiss. Plaintiff has failed to file any response to any of the motions.

*Motion to Dismiss by Edgar (Doc. 12)*

    Defendant Sean Edgar, an agent with the Georgia Bureau of Investigation, brings this motion to dismiss the suit against him for failure to state a claim, for being filed outside the applicable statute of limitations, and for plaintiff's perjury.

    Plaintiff, an inmate at Calhoun State Prison, brings this cause of action against, inter alia, GBI Agent Sean Edgar claiming that he was illegally arrested and "inflicted by cruel and unusual punishment by Detective Rod Williams, Sean Edgar, David Garland, Kevin Lee (sic)." However, in describing the alleged illegal arrest, plaintiff states as follows:

> As Petitioner walked to the door, Rod Williams attacked Petitioner from behind and asked David Garland to help him. Both Garland and Williams placed handcuffs on Williams John Henry (sic) Petitioner. Petitioner were (sic) then pushed outside, pushed on the grand (sic) and shackles placed on Petitioners (sic) feet.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must prove two essential elements: 1) that the conduct complained of was committed by a person under color of state law, and 2) that the conduct deprived Plaintiff of rights, privileges, or immunity secured by the Constitution or law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981); West v. Adkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the Complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) cert denied, 540 U.S. 1219 (2004).

Defendant Edgar asserts that plaintiff has failed to allege a causal link between the actions of this defendant and the alleged constitutional deprivation, and therefore cannot prevail in this matter. See Novak v. Cobb-Kennestone Hosp. Authority, 849 F. Sup. 1559, 1573 (N.D. Ga. 1994) (citing Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982). No where in his recitation of facts does plaintiff allege that defendant Edgar participate in the alleged illegal arrest.

Defendant also asserts that plaintiff committed perjury in a document contained within the record. In plaintiff's Affidavit in Support of Request to Proceed in Forma Pauperis, plaintiff declares under penalty of perjury that the answers he gave are true and correct with a penalty being a fine up to $2,000 or imprisonment of not more than five years, or both. Plaintiff signed the affidavit on October 24, 2005, stating affirmatively that he received absolutely no money from any source within the past twelve months. However, the prisoner trust account statement,

attached to plaintiff's affidavit at Document 1, signed by the accountant paraprofessional at Calhoun State Prison, documents that plaintiff had an average monthly balance over the prior six months of $28.33. The statement documents several deposits, including $30.00 on February 8, 2005, 20 more dollars on that same day, $30.00 on March 17, 2005, $20.00 on July 5, 2005, and $20.00 on August 10, 2005.

In Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), the Court approved the dismissal without prejudice of a prisoner lawsuit because the plaintiff lied under penalty of perjury about having filed a previous lawsuit, finding that the plaintiff had abused the judicial process.

Finally, defendant asserts that this lawsuit should be dismissed against him as it was filed outside the applicable statute of limitations. With respect to the causes of action based upon 42 U.S.C. § 1983, because the Civil Rights Act does not contain a statute of limitations, the period of limitations to be applied is the State limitations period applicable to personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276-77 (1985). The Eleventh Circuit has concluded that O.C.G.A. § 9-3-33 is the applicable Code section for civil rights cases and, hence, the same two-year limitations period applies. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 625, 626 (11th Cir. 1986).

O.G.C.A. § 9-3-33 provides that actions for injuries to the person shall be brought within two years after the right of action accrues. In his cause of action, plaintiff shows that he was arrested on January 7, 2002, and the lawsuit was filed on October 31, 2005. However, in this Court's Order of March 20, 2006, the Court noted a split in Circuits regarding when a claim for false arrest accrues. The question is whether the statute begins to run from the date of arrest or from the date of the prisoner's release. Wherein the Eleventh Circuit has not dealt specifically

3

with this issue, a more compelling argument is that the statute begins to run from the time of arrest.

As stated by plaintiff in his complaint, plaintiff was convicted of armed robbery, kidnapping, possession of a firearm by convicted felon, and possession of a firearm in the commission of a crime (Complaint, ¶ 1). He received a lengthy sentence, and to hold that this cause of action does not accrue until he is released from prison would make its prosecution and defense a difficult matter due to the passage of time.

Consequently, the undersigned agrees with the circuits which hold that the cause of action accrues from the date of arrest, which is January 7, 2002. As plaintiff did not file this suit until October of 2005, the undersigned finds that it was filed outside the applicable statute of limitations. Therefore, it is the RECOMMENDATION of the undersigned that defendant Edgar's motion to dismiss be **GRANTED**.

*Motions to Dismiss by Defendant Williams (Doc. 17) and Defendant Lee (Doc. 20)*

Defendants Williams and Lee also move to dismiss this lawsuit against him for plaintiff's perjury and for his failure to file the lawsuit within the applicable statute of limitations.

For the reasons set forth above regarding plaintiff's perjury and failure to file within the statute of limitations, it is the RECOMMENDATION of the undersigned that these motions to dismiss also be **GRANTED**.

*Defendant David Garland*

The undersigned notes that defendant David Garland has not been served with this action. However, in light of the fact that the allegations against him are the same as those against the other defendants, it would appear that the lawsuit against this defendant was not filed within the

applicable statute of limitations, and therefore *sua sponte* RECOMMENDS that the lawsuit against defendant Garland be **DISMISSED** as well.

It is therefore the RECOMMENDATION of the undersigned that all motions to dismiss be **GRANTED**, and that this suit be dismissed against all defendants.[1] Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of February, 2007.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd

---

[1] Although not raised by any of the defendants, the undersigned notes but does not hold that it may be appropriate to dismiss this action under the reasoning in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486, 114 S.Ct. at 2372. Thus, a 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated. Id. at 489, 114 S.Ct. at 2374. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature. Id. at 486, 114 S.Ct. at 2372. Abella v. Rubino, 63 F.3d 1063, 1064 (11th Cir. 1995).